**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>        Plaintiff,<br><br>v.<br><br>**JIMMAR A. PAYNE,**<br><br>        Defendant.<br>_____ | 1:22-mj-00034-WAL-EAH |

**TO:**    Daniel H. Huston, Esq., AUSA
         Lisa L. Brown Williams, Esq.

## ORDER

**THIS MATTER** is before the Court on the Government's Notice of Intent to Proceed by Affidavit at Preliminary Hearing (the "Notice") (Dkt. No. 14). Defendant filed a response (Dkt. No. 15) and the Government replied (Dkt. No. 16).

### I.    BACKGROUND

Defendant Jimmar Payne, the owner and captain of a boat, is accused of making a materially false, fictious, or fraudulent statement or representation[1]; interfering with agency functions[2]; operating an unnumbered motorboat[3]; failing to maintain a 12-foot from opposing vessels[4]; and failure to obtain an anchoring permit.[5] The charges arose

---

[1] 18 U.S.C. § 1001(a)(2).
[2] 36 C.F.R. § 2.32(a)(1).
[3] 36 C.F.R. 3.2(b); *see also* 25 V.I.C. 292.
[4] 36 C.F.R. § 1.5(f).  This regulation reads: "Violating a closure, designation, use or activity restriction or condition, schedule of visiting hours, or public use limit is prohibited."
[5] 36 C.F.R. § 1.5(f).

*USA v. Payne*
1:22-mj-00034-WAL-EAH
Order
Page 2

from a March 13, 2022 vessel patrol at Buck Island Reef National Monument involving Payne, U.S. Park Ranger Stuart Beaudry, and Supervisory Park Ranger Gabriel Laurencin.

In its Notice, the Government stated that it intended to rely on the sworn affidavit of Beaudry in lieu of live testimony to establish probable cause for the charges at the preliminary hearing. Dkt. No. 14 a 1. Beaudry's affidavit detailed the March 2022 encounter as well as subsequent events relative to the vessel patrol. Dkt. No. 14-1. The district court approved both the complaint and affidavit in Support. Dkt. No. 14 at 1.

Payne opposed, asserting that "permitting the government to prove probable cause for arrest based on the submission of an affidavit violates his constitutional rights under the Sixth Amendment and *Crawford v. Washington*, 541 U.S. 36 (2004) to confront and cross examin[e] witnesses and to effective assistance of counsel." Dkt. No. 15 at 1. He requests that this Court order the Government to produce Park Rangers Beaudry and Laurencin at the preliminary hearing. *Id*. at 8.

In its Reply, the Government argues that nothing precludes Payne from independently offering testimony on cross-examination as long as any *Touhy* regulations[6] are satisfied; moreover, Payne and other witnesses can testify directly. Dkt. No. 16 at 2.

---

[6] The Government does not include a proper citation to *Touhy*; the Court infers that it is referring to *United States ex rel. Touhy v. Ragen,* 340 U.S. 462 (1951). Following *Touhy*, various executive agencies enacted regulations governing the release of information by subordinates in response to a demand or subpoena in a court case. Each executive agency has its own set of regulations. The Government does not cite with any specificity to the so-called "*Touhy* regulations" or their possible applicability here.

*USA v. Payne*
1:22-mj-00034-WAL-EAH
Order
Page 3

The issue before the Court is whether the Government must produce witnesses for live testimony and cross-examination at the preliminary hearing to determine probable cause, or whether it may proceed by affidavit. The Court rejects Payne's argument that *Crawford* requires the Government to proceed with live witnesses, and will permit the Government to proceed by affidavit at the preliminary hearing.

## II. APPLICABLE LEGAL PRINCIPLES

Rule 5.1 of the Federal Rules of Criminal Procedure govern preliminary hearings. Rule 5.1(e) provides:

> At the preliminary hearing, the defendant may cross-examine witnesses and may introduce evidence but may not object to evidence on the ground that it was unlawfully acquired. If the magistrate judge finds probable cause to believe an offense has been committed and the defendant committed it, the magistrate judge must promptly require the defendant to appear for further proceedings.

Fed. R. Crim. P. 5.1(e). Hearsay may be relied upon at preliminary hearings. Fed. R. Evid. 1101(d)(3).

Further, "[i]t is well settled that at a detention hearing the government may proceed by proffer, that hearsay testimony may be used, and that the Court has discretion whether to require witness testimony. Similar principles apply in the context of a preliminary hearing." *United States v. Muse*, Mag. No. 14-2007, 2014 WL 495121, at *1 (D.N.J. Feb. 6, 2014) (citing *Gerstein v. Pugh*, 420 U.S. 103, 120-25 (1975) (citations omitted)); *see also United States v. Delker*, 757 F2d 1390, 1396, 1397 (3d Cir. 1985) (identical interests are at stake in both preliminary and detention hearings; Government permitted to proceed by

*USA v. Payne*
1:22-mj-00034-WAL-EAH
Order
Page 4

proffer); *United States v. Matthias*, Cr. No. 2016-0025, 2017 WL 1536430, at * 6 (D.V.I. Apr. 27, 2017) ("[W]hile [Federal Rule of Criminal Procedure] Rule 5.1(e) makes clear that a defendant generally has the right to cross examine adverse witnesses, there is no requirement in the Rule that the Government must proceed by live testimony.").[7]

To be sure, "the Court has discretion to decline to accept proffered evidence and to require the government to produce a witness to testify." *Muse*, 2014 WL at 1 (citing *United States v. Accetturo*, 783 F.2d 382, 388-89 (3d Cir. 1986)). Through "sensible exercise of this power of selection, the judicial officer can make meaningful the defendant's right to cross-examine without unnecessarily transforming the bail hearing into a full-fledged trial or defendant's discovery expedition." *Id.* at 389. The "propriety of a proffer as a basis for detention must be assessed on a case-by-case basis." *Muse*, 2014 WL 495121, at *1.

### III. DISCUSSION

Here, case law supports the propriety of the Government proceeding by affidavit at the preliminary hearing to establish that probable cause exists for the charges. *See Matthias*, 2017 WL 1536430 at *6; *Muse*, 2014 WL 495121, at *1. Payne does not point to any misrepresentations or inaccuracies in the affidavit that might prompt the Court to exercise its discretion and require the Government to produce the Park Rangers at the

---

[7] Both parties point to case law regarding detention hearings to make their respective points, Dkt. No. 14 at 1-2; Dkt. No. 15 at 4, 7, and Payne acknowledges that "similar principles" apply in both the context of a preliminary hearing and a detention hearing. Dkt. No. 15 at 7.

*USA v. Payne*
1:22-mj-00034-WAL-EAH
Order
Page 5

preliminary hearing. Rather, he asserts that he "intends to demonstrate that he did not commit the alleged offenses in the criminal complaint," which goes to the merits of the charges. Dkt. No. 15 at 8. More to the point, Payne *himself* can call the two Park Rangers to testify at the preliminary hearing, in an effort to undercut whether probable cause exists. Since he is free to exercise that option, and has not indicated that he would have any problem in doing so, any detriment he claims he may experience by the Government proceeding by proffer—which, he alleges, would not allow him to "confront and cross-examine witnesses against him," Dkt. No. 15 at 4—is obviated.

In *Matthias*, the district court rejected the argument Payne advances here: that allowing the Government to proceed by affidavit (at a detention hearing) violated *Crawford* and his confrontation rights. *Matthias*, 2017 WL 1536430, at *6-7 (citing *Decker*, 757 F.2d at 1396-98). The court observed that in such hearings, "the full panoply of adversary safeguards is not essential," and that the defendant never indicated that he wanted to "subpoena any particular Government witness to testify, let alone make any proffer that the testimony of that witness would be of such a nature as to warrant live testimony from the witness." *Id*. at *7. Therefore, the defendant had no right of confrontation that was infringed by the Government's reliance on the affidavit. *Id*. And as stated above, Payne is free to call the Park Rangers and test their evidence "in the crucible of cross-examination" at the preliminary hearing. *Crawford*, 541 U.S. at 61.

*USA v. Payne*
1:22-mj-00034-WAL-EAH
Order
Page 6

Payne proffers a second argument to support his opposition to the Government's notice of intent to proceed by affidavit: that denial of the right to cross-examination violates his right to effective assistance of counsel. Dkt. No. 15 at 5-6. This conclusory argument lacks merit. Payne fails to recognize that, without a *Crawford* violation, there can be no ineffective assistance of counsel because Payne will suffer no prejudice at the preliminary hearing. *See Strickland v. Washington*, 466 U.S. 668, 687, 688 (1984) (To establish a constitutional violation for ineffective assistance, a defendant must show that counsel's representation both "fell below an objective standard of reasonableness" and "prejudiced the defense.")

### IV.   CONCLUSION

Accordingly, it is hereby **ORDERED** that the Government may proceed by affidavit at the preliminary hearing set for June 24, 2022.

ENTER:

Dated: June 13, 2022

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE